IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**YADIEL GOMEZ GONZALEZ**,

    *Petitioner*,

vs.

**KRISTI NOEM**, Secretary, U.S. Department of Homeland Security (DHS); **JOSEPH B. EDLOW**, Acting Director, U.S. Citizenship and Immigration Services (USCIS); **TODD M. LYONS**, Acting Director, U.S. Immigration and Customs Enforcement (ICE); **PETE R. FLORES**, Acting Commissioner, U.S. Customs and Border Protection (CBP); **MATTHEW S. DAVIES**, Executive Director of Admissibility and Passenger Programs, U.S. Customs and Border Protection (CBP); **JOHN A. CONDON**, Acting Executive Associate Director, Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE)

    *Respondents*.

## COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW, AND DECLARATORY RELIEF

COMES NOW Petitioner, Yadiel Gomez Gonzalez, by and through undersigned counsel, respectfully submits the instant Complaint for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 *et seq.*, and Declaratory Relief, 28 U.S.C. § 2201, in combination with federal question jurisdiction, 28 U.S.C. § 1331. In support thereof, Petitioner respectfully states the following:

## INTRODUCTION

1. This is an action seeking APA Judicial Review along with Mandamus and Declaratory Relief in regards to U.S. Citizenship and Immigration Services (USCIS) failure to process Petitioner's Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt No. MSC2390394934 submitted pursuant to The Cuban Adjustment Act (Public Law 89-732) 80 Stat 1161 (1966).

2. USCIS has a mandatory, non-discretionary duty to adjudicate this application, and this adjudication has been unreasonably delayed. 5 U.S.C. § 706(1).

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. §1331, in combination with the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. *See Califano v. Sanders*, 430 U.S. 99 105-107 (1977).

4. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C.§ 702.

5. This Court may hold unlawful or set aside agency actions not in accordance with the law. 5 U.S.C. § 706(2)(A).

6. For the purposes of 5 U.S.C. § 704, Petitioner lacks any statutory, regulatory, or administrative remedy. Therefore, the instant suit is properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

7. Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

8. Pursuant to 28 U.S.C. § 1361, Action to Compel an Officer of The United States to Perform His Duty, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

9. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(e)(1) in that this is an action against U.S. officers in their official capacity brought in the District where "(B) a substantial part of the events or omissions giving rise to [Petitioner's] claims occurred." 28 U.S.C. §§ 1391(e)(1)(B).

10. Jurisdiction is not stripped from this Court by 8 U.S.C. § 1252 *et seq.*, as this action is not a request to review a removal order.

## PARTIES

11. Petitioner, Yadiel Gomez Gonzalez, is a native and citizen of Cuba. His alien number is 213-563-422.

12. Respondent, Kristi Noem, Secretary of the Department of Homeland Security (DHS), is charged with administering and enforcing the laws governing immigration and naturalization. Respondent is sued in her official capacity.

13. Respondent, Joseph B. Edlow, is the Director of United States Citizenship and Immigration Services (USCIS) of the Department of Homeland Security (DHS). He is

sued in his official capacity based upon his responsibility to administer and enforce the laws relating to immigration and naturalization in the United States.

14. Respondent, Todd M. Lyons, is the Acting Director of United States Immigration and Customs Enforcement (ICE), a component agency of DHS responsible for enforcing immigration laws and facilitating removal proceedings. He is sued in his official capacity.

15. Respondent, Pete R. Flores, is the Acting Commissioner of United States Customs and Border Protection (CBP), a component agency of DHS responsible for the inspection and processing of individuals at U.S. ports of entry. He is sued in his official capacity.

16. Respondent, Matthew S. Davies, is the Executive Director of Admissibility and Passenger Programs at CBP, overseeing entry procedures and programs for noncitizens. He is sued in his official capacity.

17. Respondent, John A. Condon, is the Acting Executive Associate Director of Homeland Security Investigations (HSI), a division within ICE responsible for investigating violations of immigration and customs laws. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

18. Petitioner Yadiel Gomez Gonzalez is a native and citizen of Cuba, born on November 28, 1988, who entered the United States seeking lawful status and protection under U.S. immigration laws. *See* Exhibit A.

19. On or about March 12, 2022, Petitioner entered the United States at or near Eagle Pass, Texas, and was taken into custody by immigration authorities. *See* Exhibit B.

20. On March 14, 2022, Petitioner was served with a Form I-862, Notice to Appear, initiating removal proceedings before an Immigration Judge under Section 240 of the Immigration and Nationality Act (INA). He was subsequently released from the custody of U.S. Immigration and Customs Enforcement (ICE) to pursue his immigration case. *See Id*.

21. Petitioner thereafter obtained release under parole authority and pursued available relief. On April 3, 2023, he duly filed a Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC2390394934, with the United States Citizenship and Immigration Services (USCIS), under the jurisdiction of the Texas Service Center. Said application was based on his eligibility under applicable provisions of the INA, including the Cuban Adjustment Act and Section 245. *See* Exhibit C.

22. On July 4, 2023, ICE issued to Petitioner an Interim Notice Authorizing Parole pursuant to INA § 212(d)(5)(A), formalizing his parole into the United States for immigration processing purposes. This parole status rendered him prima facie eligible to seek adjustment of status without the requirement of continued removal proceedings. *See* Exhibit D.

23. On August 31, 2023, the Miami Immigration Court terminated Petitioner's removal proceedings in recognition of the change in his status, specifically noting his parole and the pendency of his I-485 application before USCIS. *See* Exhibit E.

24. Since that time, Petitioner has fully complied with all requirements associated with his I-485 application. He has maintained eligibility, provided all requested documentation, and has not received any Request for Evidence (RFE) or Notice of Intent to Deny (NOID).

25. Despite the passage of more than 18 months since the filing of his I-485 application, and over 14 months since the termination of removal proceedings, USCIS has failed to schedule Petitioner for an interview, issue any decision, or provide substantive updates regarding the status of his case. *See* Exhibit F.

26. In an effort to determine the status of his long-pending application, Petitioner submitted written correspondence to USCIS on May 29, 2025, seeking clarification and urging action.

27. USCIS acknowledged receipt of this correspondence on June 18, 2025, yet no meaningful response or adjudicatory action has followed.

28. Petitioner has never been arrested, charged, or convicted of any criminal offense in the United States or abroad. He has consistently demonstrated good moral character, eligibility for adjustment of status, and compliance with all relevant legal obligations.

29. Petitioner's prolonged legal limbo imposes significant emotional, professional, and logistical burdens. He remains unable to secure lawful permanent resident status or access the full benefits associated with lawful residence. This indefinite delay has created uncertainty regarding his future in the United States, impeded his ability to

plan for his personal and financial stability, and deprived him of legal recognition to which he is statutorily entitled.

30. According to publicly available processing times published by USCIS, I-485 applications filed under similar circumstances and jurisdictions are routinely adjudicated within 8 to 14 months. The delay in Petitioner's case significantly exceeds that range and has not been attributed to any deficiency, inaction, or noncompliance by Petitioner.

31. Petitioner has exhausted all administrative avenues available to him. He has made good-faith efforts to obtain information and resolution, yet USCIS has failed to discharge its duty to act within a reasonable time as required by the Administrative Procedure Act, 5 U.S.C. § 555(b) and corresponding regulations.

32. The inaction of USCIS constitutes an unlawful withholding and unreasonable delay of agency action under 5 U.S.C. § 706(1). Petitioner now seeks relief from this Court to compel USCIS to perform its non-discretionary duty to adjudicate his application without further delay.

## CAUSE OF ACTION

## COUNT I –MANDAMUS ACTION

33. Petitioner re-alleges and incorporates by reference preceding paragraphs one (1) through thirty-two (32) as though fully set forth herein.

34. This action is brought under the Mandamus Act, 28 U.S.C. § 1361, which grants district courts original jurisdiction over any action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner.

35. A writ of mandamus is warranted when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004).

36. Petitioner has a clear right to have his properly filed Form I-485, Application to Register Permanent Residence or Adjust Status, adjudicated by the United States Citizenship and Immigration Services (USCIS).

37. USCIS has a clear, nondiscretionary duty to adjudicate such applications under the Immigration and Nationality Act and its implementing regulations, which do not authorize indefinite delay.

38. Petitioner filed his I-485 on April 3, 2023. On July 4, 2023, Petitioner was granted parole. On August 31, 2023, an Immigration Judge in Miami, Florida, terminated Petitioner's removal proceedings. Petitioner mailed a correspondence to USCIS on May 29, 2025.

39. Since USCIS received Petitioner's RFE response, there has been no progress or update on the adjudication of the Form I-485, and no further communication or decision has been issued.

40. Petitioner has no other adequate remedy to compel USCIS to act on his long-pending application.

41. The delay in adjudicating Petitioner's application is unreasonable, has deprived him of potential lawful permanent resident status, and constitutes a failure by USCIS to perform a duty owed to Petitioner.

42. Accordingly, Petitioner respectfully requests that this Court issue a writ of mandamus compelling USCIS to adjudicate his Form I-485 without further delay.

## COUNT II –ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION

### Unreasonable Delay (5 U.S.C. §§ 555(b), 706(1))

43. Petitioner re-alleges and incorporates by reference preceding paragraphs one (1) through thirty-two (32) as though fully set forth herein.

44. Under 5 U.S.C. § 706(2)(A), a reviewing court shall hold unlawful and set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

45. Petitioner filed a complete Form I-485 on April 3, 2023.

46. Since that date, USCIS has taken no further action on Petitioner's application, despite the agency's obligation under the Immigration and Nationality Act and corresponding regulations to adjudicate benefit applications submitted in compliance with agency requirements.

47. USCIS's failure to issue a decision, despite receiving all requested documentation, constitutes agency inaction contrary to law, as there exists no statutory or regulatory

basis permitting indefinite suspension of adjudication following full applicant compliance.

48. Under 5 U.S.C. § 706(2)(D), a court must hold unlawful and set aside agency action taken "without observance of procedure required by law."

49. USCIS regulations, including 8 C.F.R. § 103.2(b)(19), require that the agency "notify applicants, petitioners, and their representatives… in writing of a decision made on a benefit request."

50. Petitioner has not received any written decision on his Form I-485, nor any further procedural updates since the filing of his Form I-485.

51. This failure to notify Petitioner of a decision, despite full procedural compliance on his part, violates USCIS's own adjudicative obligations, constituting agency action taken without observance of required procedure.

52. Under 5 U.S.C. § 555(b), agencies must proceed to conclude matters presented to them "within a reasonable time."

53. 5 U.S.C. § 706(1) authorizes courts to compel agency action that is "unlawfully withheld or unreasonably delayed."

54. Petitioner's application has been pending without action for more than thirty (30) months following USCIS's receipt of his application.

55. This prolonged period of inaction constitutes an unreasonable delay, especially where no additional documentation has been requested and the record has been complete since April 2023.

56. As a result of this delay, Petitioner continues to face legal uncertainty and is unable to access benefits associated with lawful permanent residence, causing him ongoing harm and prejudice.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully prays that that this Honorable Court will:

57. Accept jurisdiction over the instant matter;

58. Declare, pursuant to 28 U.S.C. § 2201, that U.S. Citizenship and Immigration Services (USCIS) has unreasonably delayed the processing of Petitioner's Form I-485, Application to Register Permanent Resident or Adjust Status. 5 U.S.C. § 706(1);

59. Order, pursuant to 28 U.S.C. §§ 1361, 1651, U.S. Citizenship and Immigration Services (USCIS) to adjudicate Petitioner's Form I-485, Application to Register Permanent Resident or Adjust Status;

60. Award Petitioner's costs and attorneys' fees and costs as permitted under 28 U.S.C. §§ 2412(a)–(b).

Respectfully submitted,

s/Eduardo Soto                                                                                     November 19, 2025
Eduardo Soto, Esq.                                                                                          Date
Florida Bar No. 0858609
Eduardo Soto & Associates, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 19, 2025, I electronically filed the forgoing document with the Clerk of Court using PACER. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by PACER or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

| | |
|---|---|
| s/ Eduardo Soto | November 19, 2025 |
| Eduardo Soto, Esq. | Date |
| The Law Office of Eduardo Soto, P.A. | |
| 999 Ponce de Leon Blvd., Suite 1040 | |
| Coral Gables, Florida 33134 | |
| Tel.: (305) 446-8686 Fax.: (305) 529-0445 | |

## **EXHIBIT LIST**

| | |
|---|---|
| **Exhibit A** | Petitioner's Passport |
| **Exhibit B** | Form I-862, Notice to Appear, Dated March 14, 2022 |
| **Exhibit C** | Receipt Notice of Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt No. MSC2390394934 |
| **Exhibit D** | Interim Notice Authorizing Parole, Dated July 4, 2023 |
| **Exhibit E** | Order of the Immigration Judge, Dated August 31, 2023 |
| **Exhibit F** | USCIS Case Status Online |

;